UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**UNITED STATES OF AMERICA**          **CASE NO. 6:10-CR-00369-05**

**VERSUS**                            **JUDGE SUMMERHAYS**

**JAMES C PITRE (05)**                **MAGISTRATE JUDGE HANNA**

### REPORT AND RECOMMENDATION

Before the court is a Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255 by defendant James C. Pitre. [Rec. Doc. 346] This motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

### BACKGROUND

On December 14, 2010, James C. Pitre was charged by indictment with one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846 (Count 1); one count of possession of methamphetamine intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count 2); three counts of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Counts 3, 5, and 6); and two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Counts 4 and 7). [Rec. Doc. 1].   On July 13, 2011, the defendant pleaded guilty to Counts

1, 3, 4, and 7. [Rec. Doc. 165]. On January 26, 2012, the district court sentenced Pitre to 120 months' imprisonment on Counts 1, 4, and 7, and 5 years (consecutive) on Count 3. [Rec. Doc. 265, 269]. Pitre was not sentenced as either an Armed Career Criminal or a career offender because his criminal record did not qualify in either respect. Judgment was entered on February 6, 2012. The defendant did not pursue a direct appeal.

Here, Pitre seeks relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015). [Rec. Doc. 60, p. 14] Pitre asserts that he filed his § 2255 motion "in an abundance of caution" to preserve his right to relief in the event he was sentenced as an Armed Career Criminal or a career offender under the sentencing guidelines, or if he was "eligible for relief under a gun charge or a Hobbs Act Robbery charge . . . ." [Rec. Doc. 356, p. 4] He claims his motion is timely under 28 U.S.C. § 2255(f)(3) because it was filed within a year of the date *Johnson* was decided. [Rec. Doc. 346, pp. 1-3].

Pitre was appointed counsel under this court's standard procedural order governing motions seeking relief under *Johnson*. [Rec. Doc. 347] His appointed counsel has withdrawn [Rec. Docs. 349 & 350] and Pitre has not moved to supplement or withdraw his motion. Accordingly, the Court now conducts an initial review of Pitre's § 2255 motion under Rule 4(b) of the Rules Governing § 2255 Proceedings.

## LAW AND ANALYSIS

Following conviction and exhaustion or waiver of the right to appeal, the court presumes that a defendant "stands fairly and finally convicted." *United States v. Shaid*, 937 F.2d 228, 231– 32 (5th Cir. 1991) (*quoting United States v. Frady*, 102 S.Ct. 1584, 1592 (1982)). Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Before ordering a response from the government, the district court must conduct a preliminary review of a § 2255 motion. Rules Governing § 2255 Proceedings in the United States District Courts, Rule 4(b). Upon that review, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." *Id*.

A motion filed under § 2255 is subject to a one-year limitations period, running from the latest of the following dates: (1) when the judgment became final; (2) when a government-created impediment to filing the motion was removed; (3) when the United States Supreme Court initially recognized and made retroactively applicable the legal predicate for the motion; or (4) when the petitioner could have discovered, through due diligence, the factual predicate for the motion. 28 U.S.C. §

3

2255(f). A judgment becomes final, under this section, when the applicable period for seeking direct review of a conviction has expired. *Clay v. United States*, 123 S.Ct. 1072, 1075–76 (2003). The limitations period is not jurisdictional and is subject to equitable tolling. *ParraMartinez v. United States*, 2015 WL 9244611, at *3 (W.D. Tex. Dec. 16, 2015) (*citing Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010)). Equitable tolling is only appropriate, however, in "rare and exceptional circumstances" and "is not intended for those who sleep on their rights." *Id. (quoting Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999)).

In *Johnson, supra*, 135 S.Ct. 2551 (2015), made retroactively applicable in *United States v. Welch*, 136 S.Ct. 1257 (2016), the Court held that a portion of the statutory definition of a "violent felony" in the ACCA's "residual clause," at § 924(e)(2)(B)(ii), was unconstitutionally vague. 135 S.Ct. at 2563. Thus, a sentence enhancement based on that provision violated a defendant's right to due process. *Id*.

*Johnson* is inapplicable to Pitre's case. He was not sentenced under the Armed Career Criminal Act, nor was he classified as a career offender under the guidelines, or prosecuted under the Hobbs Act. While he was convicted under 18 U.S.C. § 924(c), his predicate offense was not a "crime of violence," but a "drug trafficking offense." Thus, as no aspect of his case is governed by *Johnson*, his motion is time-barred.

4

## **CONCLUSION**

For the reasons set forth above, IT IS RECOMMENDED that the instant § 2255 motion be DENIED and DISMISSED WITH PREJUDICE under Rule 4(b) of the Rules Governing § 2255 Proceedings.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments

on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE in Chambers on this 15th day of November, 2018.

*Patrick J. Hanna*
**United States Magistrate Judge**