UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 6:10-CR-00369-05 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| JAMES C. PITRE (05) | MAGISTRATE JUDGE HANNA |

### ORDER AND REASONS

Before the Court is Defendant James C. Pitre's Motion for Compassionate Release, whereby Pitre seeks compassionate release in light of the COVID-19 pandemic. [ECF No. 388 at 13-17]. The government opposes the motion due to Pitre's failure to exhaust administrative remedies. [ECF No. 390 at 1]. For the reasons that follow, Pitre's motion is DISMISSED WITHOUT PREJUDICE.

On July 13, 2011, Pitre pleaded guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846 (Count 1), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2), and two counts of possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Counts 4 and 7). [ECF Nos. 1, 165]. On January 26, 2012, Pitre was sentenced to ten years of incarceration on Counts 1, 4 and 7, and five years of incarceration on Count 3. The sentences on Counts 1, 4 and 7 were to run concurrently, and the sentence on Count 3 was to run consecutive to Counts 1, 4 and 7, thereby resulting in a total term of imprisonment of fifteen years. [ECF Nos. 267, 269]. Pitre is currently incarcerated at Forrest City Medium FCI, and his projected release date is January 2, 2026.[1] He is forty-five years old. [ECF No. 270 at 2]. On May 28, 2020, the Court received Pitre's motion

---

[1] *See* https://www.bop.gov/inmateloc/ (last visited June 15, 2020).

seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). In support of his motion, Pitre argues the Bureau of Prisons ("BOP") facility in which he is currently housed is a "hot spot for COVID-19,"[2] and that his alleged medical issues place him in a high-risk category for COVID-19.[3] [ECF No. 388 at 14, 16]

As a general rule, a federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception to the foregoing statute allows for what is commonly referred to as "compassionate release." As applicable here, the statute provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> **(1)** in any case—
>
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> **(i)** extraordinary and compelling reasons warrant such a reduction.

*Id.* at § 3582(c)(1)(A). As recently held by the Sixth Circuit, while the administrative exhaustion requirements set forth in section 3582(c)(1)(A) are not jurisdictional, they are mandatory. *United States v. Alam*, -- F.3d --, 2020 WL 2845694, *2 (6th Cir. June 2, 2020); *see also United States v.*

---

[2] As of June 14, 2020, BOP reported that Forrest City Medium FCI has 0 positive inmates, 4 staff positive, 0 inmate deaths, 0 staff deaths, 5 inmates recovered, and 4 staff recovered. *See* https://www.bop.gov/coronavirus/ (last visited June 15, 2020).

[3] Pitre alleges he suffers from gastroesophageal reflux disease ("GERD"), high blood pressure, degenerative disc disease, allergies and asthma. [ECF No. 388 at 14].

*Raia*, 954 F.3d 594, 597 (3rd Cir. 2020) (characterizing defendant's failure to exhaust administrative remedies as "a glaring roadblock foreclosing compassionate release at this point").

Nothing in Pitre's motion indicates he has presented his request for compassionate release to the BOP in any fashion.[4] As set forth in the statute, Pitre cannot petition for judicial relief until he "has fully exhausted all administrative rights" or has waited thirty days from the warden's "receipt of [his] request."[5] 18 U.S.C. § 3582(c)(1)(A). Accordingly, Pitre's Motion for Compassionate Release [ECF No. 388] is DENIED WITHOUT PREJUDICE to his right to renew his request for compassionate release upon a showing of administrative exhaustion.

THUS DONE in Chambers on this 15th day of June, 2020.

**ROBERT R. SUMMERHAYS**
**UNITED STATES DISTRICT JUDGE**

---

[4] According to the government, "there is no record that the defendant previously sought relief through Bureau of Prisons (BOP) administrative channels by requesting release on COVID-19 grounds from the Warden. . . ." [ECF No. 390 at 2].

[5] As stated by the Sixth Circuit:

> Preventing prisoners from charging straight to federal court serves important purposes. It ensures that the prison administrators can prioritize the most urgent claims. And it ensures that they can investigate the gravity of the conditions supporting compassionate release and the likelihood that the conditions will persist. These are not interests we should lightly dismiss or re-prioritize.

*U.S. v. Alam*, -- F.3d --, 2020 WL 2845694, *4 (6th Cir. June 2, 2020).